IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTOINO DELANCEY NORMAN,

Petitioner,

v.                                   Civil Case No. 14-cv-726-DRH
                                   Crim. Case No. 6-cr-30027-DRH-1

UNITED STATES OF AMERICA,

Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on petitioner Antoino Delancey Norman's motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). For the following reasons, petitioner's motion is summarily **DENIED** as **untimely.**

Petitioner was convicted of distribution of cocaine and aiding and abetting the distribution of cocaine and sentenced to 151 months' imprisonment. Final Judgment was entered by this Court on September 26, 2007. Petitioner did not appeal. On June 19, 2014, petitioner filed the instant Section 2255 motion raising a challenge to his conviction pursuant to *Descamps v. United States*, 133 S.Ct. 2276 (2013).[1] Specifically, petitioner asserts that his 5th and 6th Amendment Rights were violated when the Court failed to use the modified categorical approach as indicated in *Descamps.*

---

[1] While the docket sheet reflects that the motion was filed on June 24, 2014, the Seventh Circuit recognizes the so-called "prison mailbox" rule, therefore the Court will use June 19, 2014, the date on the motion, as the filing date. *See Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999).

Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the Court must give initial consideration to petitioner's claims.  Rule 4 provides that if it plainly appears from the motion, any attached exhibits and records of prior proceedings that the moving party is not entitled to relief, the judge must summarily dismiss the motion and direct the clerk to notify the moving party.

A motion by a federal prisoner for postconviction relief pursuant to Section 2255 is subject to a one-year time limitation that runs from the latest of several dates including, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).

In the instant case, the case relied upon by petitioner, *Descamps*, was decided on June 20, 2013.  Petitioner's motion filed June 19, 2014 therefore appears to be within the 1-year limitation period.  However, "[t]o date, the Supreme Court has not made *Descamps* retroactive on collateral review." *Groves v. United States,* No. 12-3253, 2014 WL 2766171 (7th Cir. 2014).  Therefore, this limitation period does not apply.  The Court also finds that petitioner is well outside the other potentially applicable limitations periods as prescribed in Section 2255.  Accordingly, petitioner's Section 2255 motion is **DENIED.**

Finally, under Rule 11(a) of the Rules Governing Section 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Thus, the Court must determine whether

petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); 28 U.S.C. § 2253(c)(2). Under this standard, petitioner must demonstrate that, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Where a district court denies a habeas petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 485. The Court finds that reasonable jurists would not find it debatable that the instant petition was not timely filed. Thus, petitioner's motion is **DENIED**, his claims are **DISMISSED with prejudice**, and the Court shall not issue a certificate of appealability. The Clerk is instructed to enter judgment accordingly.

**IT IS SO ORDERED.**
Signed this 25th day of June, 2014.

Digitally signed by David R. Herndon
Date: 2014.06.25 13:45:30 -05'00'

**Chief Judge**
**United States District Court**